757 N.W.2d 386 (2008)
17 Neb. App. 236
STATE of Nebraska, Appellee,
v.
Christopher A. HESLEP, Appellant.
No. A-08-197.
Court of Appeals of Nebraska.
November 18, 2008.
*388 Patrick J. Boylan, Chief Deputy Sarpy County Public Defender, for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
INBODY, Chief Judge.

I. INTRODUCTION
Christopher A. Heslep appeals his conviction of possession of child pornography, contending that the evidence was insufficient to support his conviction and that he received ineffective assistance of counsel. For the reasons set forth herein, we affirm.

II. STATEMENT OF FACTS
While at a hotel in Sarpy County, Nebraska, Heslep allowed a 17-year-old hotel guest and a hotel employee, Kurt Voorhees, into his hotel room. During that time, Voorhees and the hotel guest observed a picture, saved as Heslep's "wallpaper" on his computer screen, of three young girls, approximately 9 or 10 years of age, dressed in very tight swimsuits, in sexually explicit poses. Additionally, Voorhees observed several "thumbnail drives" that were popping up on the screen and saw what appeared to be an approximately 10-year-old female, whom he believed to be either naked or dressed in a nude-colored swimsuit. Voorhees contacted law enforcement about the photographs he observed on Heslep's computer. Voorhees told officers that Heslep had talked sexually about the girls in the pictures and that Heslep had admitted to him that Heslep was attracted to young girls.
Voorhees informed officers that Heslep had been giving two young girls (under 10 years old), who were patrons of the hotel, pizza and stuffed animals. The hotel guest stated that he had observed Heslep playing peekaboo in the hallway with a girl who was approximately 8 or 9 years old. According to the hotel guest, as the girl left the hallway, Heslep commented that the girl "had very beautiful legs." The hotel guest also told officers that he thought the age of the girls in the photographs he viewed on Heslep's computer, and the way they were posing, was inappropriate. The hotel guest, who was 17 years old, told officers that during the time he was in Heslep's motel room, Heslep gave him a beer, which he drank.
Heslep was arrested and charged with possession of child pornography in violation of Neb.Rev.Stat. § 28-813.01(1) (Cum. Supp. 2006), a Class IV felony, and procuring alcohol for a minor, in violation of *389 Neb.Rev.Stat. § 53-180 (Reissue 2004), a Class I misdemeanor.
A stipulated trial was held to the court at which four exhibits were admitted into evidence: exhibit 1police reports, including witness statements, from the Sarpy County sheriff's office; exhibit 2a CD containing the forensic report of the Douglas County sheriff's office cybercrimes unit, as well as items removed from the hard drive of Heslep's computer, including the subject photograph which is the basis for the child pornography conviction (report contained on CD notes that forensic examiner of Heslep's computer found "10 pictures of underage females" saved to hard drive); exhibit 3a DVD video recording of a portion of an interview conducted with Heslep by a deputy of the Sarpy County sheriff's office; and exhibit 4a written stipulation entered into by the parties setting forth that the date of the offense was July 15, 2007, the court shall receive into evidence the aforementioned exhibits, Heslep's date of birth is December 23, 1956, and the hotel guest's date of birth is January 16, 1990.
On November 19, 2007, the district court rendered its written opinion and verdict wherein the court found Heslep guilty of the two charged offenses. Regarding the sufficiency of the evidence to convict Heslep of possession of child pornography, the district court stated that "in argument the parties stipulated, or at least [Heslep] did not contest, that the girls depicted in the photographs qualified as being children as defined by Sec. 28-1463.02(1)."
Further, the district court found that in Heslep's interview with law enforcement and his statements to a hotel worker, there was sufficient evidence to establish that he was viewing the photographs for the purpose of sexual gratification or sexual stimulation. The court stated:
During the course of his interview, [Heslep] was asked upon numerous occasions whether he received sexual gratification from viewing the photographs. [Heslep] would not answer the question in a yes-or-no fashion, but simply stated that the girls are "extremely attractive", "inviting", "pretty", "gorgeous young ladies", that they have "puffy little breasts and butts", but he says he will not "go there" regarding sexual attraction.
Finally, the court determined that at least one of the photographs, labeled "`Future Playmate Models,'" contained "sexually explicit conduct," that being "erotic nudity" as defined by statute. The court noted that in this photograph,
two young girls are on their hands and knees with their buttocks pointed toward the camera. Both girls are wearing thong-type underwear which goes down the crack of their buttocks and partially covers their crotch. Both young girls are looking back at the camera; one girl has a bikini-type top on, the other has a lingerie-type top. Neither of the girls' breasts are visible due to the clothing worn and the nature of the pose.... The focal point of the depiction is clearly the genitalia and pubic areas of the girls portrayed. While the setting is benign, the pose is clearly associated with sexual activity. The children in the photograph are clearly depicted in an unnatural pose and are in inappropriate attire considering their age. While the children are partially clothed, little is covered. In addition, the visual depiction based on pose and expressions of the children demonstrates a sexual coyness and willingness to engage in sexual activity. Finally, the visual depiction is clearly intended to elicit a sexual response in the viewer.
Heslep was sentenced to 3 years' probation on each count, with the sentences *390 ordered to run concurrently. Heslep has timely appealed to this court.

III. ASSIGNMENTS OF ERROR
On appeal, Heslep contends that the evidence was insufficient to support his conviction of possession of child pornography, because the State failed to prove (a) that the females depicted in the photograph at issue were children as defined by statute and (b) that the photograph used to convict him met the statutory definition of "erotic nudity" or that he possessed the photograph for the purpose of sexual gratification or sexual stimulation.
Heslep also contends that his trial counsel was ineffective for (1) failing to file a motion to suppress physical evidence and Heslep's statements to law enforcement, (2) failing to file a motion for discovery, (3) failing to require the State to produce the purported rights advisory forms connected to Heslep's statements to law enforcement, (4) failing to obtain an expert witness to conduct a forensic examination of the laptop computer, (5) failing to confront and cross-examine the State's witnesses by waiving a jury trial and agreeing to a stipulated bench trial, (6) failing to file a motion in limine to exclude irrelevant and prejudicial hearsay evidence, and (7) failing to raise the defense of intoxication.

IV. STANDARD OF REVIEW
Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. State v. McGhee, 274 Neb. 660, 742 N.W.2d 497 (2007); State v. White, 272 Neb. 421, 722 N.W.2d 343 (2006).
On a claim of insufficiency of the evidence, an appellate court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. State v. Kuhl, 276 Neb. 497, 755 N.W.2d 389 (2008). When deciding questions of law, this court is obligated to reach conclusions independent of those reached by the trial court. Id.

V. ANALYSIS

1. INSUFFICIENCY OF EVIDENCE
Heslep contends that the evidence adduced by the State was insufficient to support his conviction of possession of child pornography. Specifically, he contends the State failed to prove (a) that the females depicted in the photograph at issue were children as defined by statute and (b) that the photograph met the statutory definition of "erotic nudity" or that he possessed the photograph for the purpose of sexual gratification or sexual stimulation.
When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Heitman, 262 Neb. 185, *391 629 N.W.2d 542 (2001); State v. Spidel, 10 Neb.App. 605, 634 N.W.2d 825 (2001).
Section 28-813.01(1) provides: "It shall be unlawful for a person to knowingly possess any visual depiction of sexually explicit conduct, as defined in section 28-1463.02, which has a child, as defined in such section, as one of its participants or portrayed observers." The definition of "sexually explicit conduct," contained in Neb.Rev.Stat. § 28-1463.02(5) (Reissue 1995), includes "erotic nudity," which is further defined as "the display of the human male or female genitals or pubic area, the human female breasts, or the developing breast area of the human female child, for the purpose of real or simulated overt sexual gratification or sexual stimulation of one or more of the persons involved," § 28-1463.02(3). The definition of "child" states: "Child, in the case of a participant, shall mean any person under the age of eighteen years and, in the case of a portrayed observer, shall mean any person under the age of sixteen years." § 28-1463.02(1).

(a) Age of Children
Heslep contends that the evidence is insufficient to establish that the females depicted in the photograph at issue were children as defined by statute, because the State did not establish the age of the girls depicted in the photograph. The district court noted that "in argument the parties stipulated, or at least [Heslep] did not contest, that the girls depicted in the photographs qualified as being children as defined by Sec. 28-1463.02(1)."
In its brief, the State notes that Voorhees and the hotel guest told law enforcement that they observed photographs of young girls, approximately 9 or 10 years of age, posing in a sexually provocative manner. However, the State did not establish that Voorhees and the hotel guest ever viewed the photograph which served as the basis of Heslep's conviction. Further, we disagree with the district court's characterization of the parties' stipulation. Although the parties stipulated to the evidence adduced at trial, we have found nothing in the record which indicates Heslep agreed to stipulate to an element of the offense, i.e., that the girls in the photographs were under the age of 18. Further, regarding the trial court's statements that Heslep did not contest the girls' ages, Heslep does not bear the burden of proof at trial.
However, as the State further notes in its brief, the forensic examiner of Heslep's computer found "10 pictures of underage females" saved to the hard drive of Heslep's computer. Viewing this evidence in the light most favorable to the State, as we are required to do, there is sufficient evidence to establish that the girls in the photograph were under the age of 18 years. Thus, we reject Heslep's claim that the State failed to prove the age of the females in the photograph.

(b) "Erotic Nudity"
Heslep also contends the State did not prove that the photograph used to convict him met the statutory definition of "erotic nudity" or that he possessed the photograph for the purpose of "real or simulated overt sexual gratification or sexual stimulation" as required by § 28-1463.02(3).
As we previously set forth, "erotic nudity" is defined as "the display of the human male or female genitals or pubic area, the human female breasts, or the developing breast area of the human female child, for the purpose of real or simulated overt sexual gratification or sexual stimulation of one or more of the persons involved." § 28-1463.02(3).
Although the Nebraska Supreme Court has not set forth factors to consider when *392 determining whether a defendant possessed photographs for the purpose of real or simulated overt sexual gratification, the court has made this determination in the context of whether a defendant took pictures for that purpose. In State v. Saulsbury, 243 Neb. 227, 498 N.W.2d 338 (1993), the Nebraska Supreme Court held that a determination of whether a defendant took photographs for the purpose of real or simulated overt sexual gratification or sexual stimulation should include consideration of (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. See, also, State v. Spidel, 10 Neb.App. 605, 634 N.W.2d 825 (2001).
In our opinion, these considerations are equally applicable when considering whether a defendant possessed photographs for the purpose of real or simulated overt sexual gratification or sexual stimulation. Therefore, in this case and future cases, a determination of whether a defendant possessed photographs for the purpose of real or simulated overt sexual gratification or sexual stimulation should include consideration of (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.
As applied to the instant case, in the photograph at issue, we agree with the assessment of the district court that
[t]he focal point of the depiction is clearly the genitalia and pubic areas of the girls portrayed. While the setting is benign, the pose is clearly associated with sexual activity. The children in the photograph are clearly depicted in an unnatural pose and are in inappropriate attire considering their age. While the children are partially clothed, little is covered. In addition, the visual depiction based on pose and expressions of the children demonstrates a sexual coyness and willingness to engage in sexual activity. Finally, the visual depiction is clearly intended to elicit a sexual response in the viewer.
When these factors are considered in conjunction with Heslep's statements that he was attracted to young girls, there is little doubt that Heslep possessed the photograph for the purpose of real or simulated overt sexual gratification or sexual stimulation. Because the photograph in question displayed the female genital and pubic area as its focal point and we have found that the State proved that Heslep possessed the photograph for sexual gratification or stimulation, we reject Heslep's claim that the State failed to meet the statutory definition of "erotic nudity."

2. INEFFECTIVE ASSISTANCE OF COUNSEL
Next, Heslep contends that his trial counsel was ineffective for (1) failing to file a motion to suppress physical evidence and *393 Heslep's statements to law enforcement, (2) failing to file a motion for discovery, (3) failing to require the State to produce the purported rights advisory forms connected to Heslep's statements to law enforcement, (4) failing to obtain an expert witness to conduct a forensic examination of the laptop computer, (5) failing to confront and cross-examine the State's witnesses by waiving a jury trial and agreeing to a stipulated bench trial, (6) failing to file a motion in limine to exclude irrelevant and prejudicial hearsay evidence, and (7) failing to raise the defense of intoxication.
A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. The determining factor is whether the record is sufficient to adequately review the question. State v. McCulloch, 274 Neb. 636, 742 N.W.2d 727 (2007); State v. Walker, 272 Neb. 725, 724 N.W.2d 552 (2006). If a matter has not been raised or ruled on at the trial level and requires an evidentiary hearing, an appellate court will not address the matter on direct appeal. State v. McCulloch, supra; State v. Walker, supra.
We find that since all of Heslep's allegations concern his trial counsel's failure to act, the record on direct appeal is not sufficient for review of this assignment of error at this time.

VI. CONCLUSION
In sum, having rejected Heslep's claim that the evidence was insufficient to support his conviction and finding that the record on direct appeal is not sufficient for adequate review of Heslep's claims of ineffective assistance of counsel, the decision of the district court is affirmed.
AFFIRMED.