Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/29/2019 09:06 AM CDT

State of Nebraska, appellee, v. Habacuc
Quintero Chairez, appellant.
___ N.W.2d ___

Filed March 29, 2019.    No. S-18-646.

1. **Effectiveness of Counsel: Appeal and Error.** Appellate review of a
   claim of ineffective assistance of counsel is a mixed question of law and
   fact. When reviewing a claim of ineffective assistance of counsel, an
   appellate court reviews the factual findings of the lower court for clear
   error. With regard to the questions of counsel's performance or prejudice
   to the defendant as part of the two-pronged test articulated in *Strickland
   v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),
   an appellate court reviews such legal determinations independently of
   the lower court's decision.
2. ____: ____. In reviewing claims of ineffective assistance of counsel on
   direct appeal, an appellate court decides only whether the undisputed
   facts contained within the record are sufficient to conclusively deter-
   mine whether counsel did or did not provide effective assistance and
   whether the defendant was or was not prejudiced by counsel's alleged
   deficient performance.
3. **Sentences: Appeal and Error.** An appellate court will not disturb a sen-
   tence imposed within the statutory limits absent an abuse of discretion
   by the trial court.
4. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial
   counsel is different from his or her counsel on direct appeal, the defend-
   ant must raise on direct appeal any issue of trial counsel's ineffective
   performance which is known to the defendant or is apparent from the
   record, in order to preserve such claim. Once raised, the appellate court
   will determine whether the record on appeal is sufficient to review the
   merits of the ineffective performance claims.
5. **Trial: Effectiveness of Counsel: Evidence: Appeal and Error.** An
   ineffective assistance of counsel claim will not be addressed on direct
   appeal if it requires an evidentiary hearing.

6. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime.

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Affirmed.

Timothy S. Noerrlinger for appellant.

Douglas J. Peterson, Attorney General, Erin E. Tangeman, and, on brief, Joe Meyer for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## I. NATURE OF CASE

Pursuant to a plea agreement with the State, the defendant entered no contest pleas and was subsequently convicted of possession of a firearm by a prohibited person, a Class ID felony, in violation of Neb. Rev. Stat. § 28-1206(3) (Supp. 2017); attempted first degree assault, a Class IIA felony, in violation of Neb. Rev. Stat. §§ 28-201 and 28-308 (Reissue 2016); and use of a firearm to commit a felony, a Class IC felony, in violation of Neb. Rev. Stat. § 28-1205(1) (Reissue 2016). The lower court imposed an aggregate sentence of 42 to 55 years in prison. The central issues on appeal are whether the defendant's sentences were excessive and whether his assistance of trial counsel was ineffective for failing to meet with the defendant with an interpreter present, investigate witnesses and exculpatory evidence, and file a motion to suppress the defendant's statements to law enforcement officers.

## II. FACTS

On June 11, 2017, at approximately 12:20 p.m., Habacuc Quintero Chairez, while driving on Interstate 80 in Lancaster

County, Nebraska, used a firearm to shoot at another vehicle four times, hitting the targeted vehicle at least twice. The vehicle was occupied by Nicholas Pearson and his 15-year-old son; however, no one was injured. Pearson called the 911 emergency dispatch service and provided an account of the incident, including a description of the vehicle that Chairez was driving.

State troopers located Chairez in his vehicle on Interstate 80, partially blocking one lane of traffic. When the state troopers initiated contact with Chairez, he displayed a handgun outside of the driver's-side window. He was then ordered out of his vehicle at gunpoint and taken into custody.

Chairez was eventually advised of his *Miranda* rights and interviewed by a member of the Nebraska State Patrol with the assistance of an interpreter. Chairez admitted to having fired the gun at Pearson's vehicle, stating that he thought the vehicle was following him. During the interview, he further admitted that he purchased the firearm and acknowledged that he was a convicted felon on federal parole.

Chairez was originally charged with possession of a firearm by a prohibited person under § 28-1206(3), discharge of a firearm near a vehicle under Neb. Rev. Stat. § 28-1212.04 (Reissue 2016), attempted first degree assault under §§ 28-201 and 28-308, and use of a firearm to commit a felony under § 28-1205(1). Pursuant to a plea agreement with the State, Chairez appeared with counsel and entered pleas of no contest to the charges of possession of a firearm by a prohibited person, attempted first degree assault, and use of a firearm to commit a felony. In exchange for the pleas, the State agreed to dismiss the charge of discharge of a firearm near a vehicle. The State also agreed to not file additional charges in the matter or seek any habitual criminal enhancements, which would have exposed Chairez to several significant mandatory minimum sentences if he were convicted.

During Chairez' plea hearing, the district court judge and Chairez engaged in a thorough colloquy in assessing the

validity of his pleas. When questioned by the judge, he admitted, among other things, that (1) he had no difficulty understanding the proceedings before him, (2) he understood that he was waiving his right to present witnesses in his case, (3) his attorney spoke to him and he understood the immigration consequences of his pleas and convictions, (4) his counsel was competent, and (5) his counsel did not refuse or fail to do anything Chairez asked of him throughout his representation during this case.

Although an interpreter was present throughout the proceeding, Chairez chose not to utilize the interpreter at all, immediately answering each question in English when asked in English by the judge. The judge further inquired regarding Chairez' responding in English without the use of the interpreter. Chairez indicated that when he answered in English, he was doing so because he understood and was comfortable communicating with the judge in English. In an abundance of caution, the judge encouraged Chairez to use the interpreter if he needed to as they continued through the proceedings. Chairez acknowledged the judge's statement that interpretive service would continue to be available and then continued through the remainder of the proceedings using English.

Based on the evidence presented and the answers provided by Chairez in the assessment of his pleas, the district court found that Chairez had entered his pleas freely, knowingly, voluntarily, and intelligently, and found Chairez guilty beyond a reasonable doubt on all charges in the amended information. After a subsequent sentencing hearing, the court sentenced Chairez to an aggregate sentence of 42 to 55 years in prison, with credit for 368 days served.

Chairez appeals. He is represented by different counsel on appeal.

### III. ASSIGNMENTS OF ERROR

Chairez assigns that the district court erred in affirming the county court's excessive sentences. Chairez also assigns on appeal that he received ineffective assistance of trial counsel.

## IV. STANDARD OF REVIEW

[1] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.[1] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[2] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[3] an appellate court reviews such legal determinations independently of the lower court's decision.[4]

[2] In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.[5]

[3] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[6]

## V. ANALYSIS

### 1. Ineffective Assistance of Counsel

We first address Chairez' arguments that he received ineffective assistance of trial counsel. Chairez argues that his trial counsel was ineffective because counsel failed to (1) utilize an interpreter when meeting with Chairez; (2) investigate, collect evidence from, and meet with Chairez' wife and mother, who allegedly had digital evidence to corroborate that Chairez had

---

[1] *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

[2] *Id.*

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[4] *State v. Filholm, supra* note 1.

[5] *State v. Mendez-Osorio*, 297 Neb. 520, 900 N.W.2d 776 (2017).

[6] *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

been recently threatened by members of a Mexican drug cartel; and (3) file a motion to suppress Chairez' statements made to state troopers when he was under the influence of methamphetamine. We find that the record is sufficient on direct appeal to address Chairez' first two contentions. However, the record is insufficient to address his third claim.

[4] When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, in order to preserve such claim.[7] Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims.[8]

[5] We have said that the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved.[9] This is because the trial record reviewed on appeal is generally "'devoted to issues of guilt or innocence'" and does not usually address issues of counsel's performance.[10] The determining factor is whether the record is sufficient to adequately review the question.[11] An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.[12]

If the record is sufficient to address the ineffective assistance of counsel claim, an appellate court reviews the factual findings of the lower court for clear error.[13] With regard to the questions of counsel's performance or prejudice to the defendant

---

[7] See, *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014); *State v. Williams*, 259 Neb. 234, 609 N.W.2d 313 (2000). See, also, *State v. Filholm, supra* note 1.

[8] *State v. Abdullah, supra* note 7.

[9] *State v. Filholm, supra* note 1.

[10] *Id*. at 769, 848 N.W.2d at 578.

[11] *State v. Filholm, supra* note 1.

[12] *State v. Abdullah, supra* note 7.

[13] See *State v. Filholm, supra* note 1.

as part of the two-pronged test articulated in *Strickland*,[14] an appellate court reviews such legal determinations independently of the lower court's decision.[15] To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.[16] To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[17]

(a) Failure to Use Interpreter During
Meetings With Trial Counsel

First, Chairez argues that his trial counsel was ineffective because he neglected to utilize an interpreter when meeting with Chairez. He contends that although he speaks some English, his native language is Spanish. Chairez further contends that he did not understand many of the legal terms that his trial counsel used during their conferences prior to Chairez' pleas. In addition, Chairez argues that because of the language barrier, Chairez' trial counsel failed to comprehend that Chairez was asking him to investigate a potential affirmative defense and Chairez was not properly advised as to the mandatory minimum charges and immigration consequences of his crimes prior to entering his pleas.

These assertions lack merit. During the plea colloquy, Chairez, answering in English, admitted that he had no difficulty understanding the judge or the proceedings before him. He also admitted that the judge did not use any word or phrase that he did not understand throughout the colloquy. Chairez expressly acknowledged during the plea colloquy that his counsel did not neglect or refuse to do anything that Chairez requested him to do during counsel's representation of Chairez.

---

[14] *Strickland v. Washington, supra* note 3.

[15] *State v. Filholm, supra* note 1.

[16] *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013).

[17] *Id.*

He further expressly acknowledged to the judge that his trial counsel performed competently and advised him of all of his rights, including his immigration consequences, as well as the mandatory minimum sentence requirements of his charges. Even further, the court advised Chairez of both the immigration consequences of his pleas, as well as the mandatory minimum sentences associated with Chairez' charges.

Throughout his plea hearing, Chairez clearly stated that counsel did not (1) act incompetently, (2) fail to investigate anything that Chairez requested of him, or (3) fail to properly advise Chairez as to the mandatory minimum charges and immigration consequences of his crimes prior to entering his pleas. Because these statements in the record affirmatively refute Chairez' claim that his counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area, we find trial counsel's performance was not deficient for failing to utilize an interpreter during Chairez' attorney-client meetings. Chairez does not challenge the knowingness and voluntariness of his admissions and responses during his colloquy with the district court. We conclude the record on direct appeal sufficiently shows that Chairez' counsel's failure to utilize an interpreter during their meetings did not render counsel's performance deficient.

### (b) Failure to Collect Evidence and Interview Exculpatory Witnesses

Second, Chairez contends that trial counsel was ineffective because counsel failed to investigate, collect evidence from, and meet with exculpatory witnesses regarding an affirmative defense. Specifically, Chairez asserts that though he indicated to counsel that his wife and mother had digital evidence to corroborate that a recent threat on Chairez' life had been made by a Mexican drug cartel, counsel failed to investigate this assertion and interview these witnesses as related to this affirmative defense. As a result, Chairez was prejudiced because this defense could have been used at trial or as a mitigating factor in sentencing to explain why he fired into the vehicle.

The record on appeal refutes this contention. As stated above, Chairez explicitly stated during his plea colloquy that he had told his attorney everything he knew about the cases, there was nothing that could help him in connection with the case that he had not shared with his attorney, he was satisfied with the job of his counsel, and there was nothing that Chairez asked him to do that counsel failed or refused to do. Again, Chairez does not challenge the knowingness and voluntariness of his responses in his plea colloquy. Based on his admission that counsel did not neglect or refuse to do anything that Chairez asked of him, we must find that Chairez' counsel was not ineffective, because based on Chairez' clear and unchallenged admissions in the record, his counsel's performance was not deficient as a matter of law.

(c) Failure to File Motion to Suppress

Lastly, Chairez argues that trial counsel was ineffective by failing to file a motion to suppress his statements made to state troopers. Chairez contends that his *Miranda* waiver was involuntarily made because he was under the influence of methamphetamine at the time and that he had informed counsel of that fact. The State concedes that the record is not sufficient to make a determination on this claim. The record on appeal provides no indication of the circumstances and facts surrounding Chairez' *Miranda* waiver on the day of his arrest. Nor is the record indicative of any potential trial strategy utilized by trial counsel by rejecting to file a motion to suppress Chairez' statements to the state troopers on the day of his arrest. In similar circumstances, we have found the trial record insufficient to determine the merits of a claim on direct appeal that counsel was ineffective for failing to file a motion to suppress.[18] We find that the record is insufficient to make

---

[18] See, *State v. Wabashaw*, 274 Neb. 394, 740 N.W.2d 583 (2007); *State v. Dawn*, 246 Neb. 384, 519 N.W.2d 249 (1994); *State v. Balvin*, 18 Neb. App. 690, 791 N.W.2d 352 (2010); *State v. Heslep*, 17 Neb. App. 236, 757 N.W.2d 386 (2008); *State v. Greer*, 7 Neb. App. 770, 586 N.W.2d 654 (1998).

a determination as to whether trial counsel was ineffective for failing to file a motion to suppress.

## 2. Excessive Sentences

We turn next to Chairez' contention that the district court erred by imposing excessive sentences. When a trial court's sentence is within the statutory guidelines, the sentence will be disturbed by an appellate court only when an abuse of discretion is shown.[19]

Chairez admits that the sentences he received were within the statutory limits. Therefore, Chairez' sentences will be disturbed only upon a finding of abuse of discretion. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[20]

[6] Chairez argues that the court abused its discretion because it failed to fashion sentences that fit Chairez, "given [his] history, character, and condition."[21] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime.[22] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[23]

Based on the record before us, the sentencing court did not consider any inappropriate or unreasonable factors in

---

[19] *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011).

[20] *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

[21] Brief for appellant at 15.

[22] *State v. Huff, supra* note 19.

[23] *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015).

determining the sentences. The presentence investigation revealed that Chairez had a "troubling, violent criminal history," including charges of attempted murder, murder, and kidnapping. We find that the court did not make its decision based upon reasons that are untenable or unreasonable, nor was its action clearly against justice or conscience, reason, and evidence.

## VI. CONCLUSION

For the foregoing reasons, we find that Chairez' ineffective assistance of counsel assertions regarding his counsel's failure to utilize an interpreter when meeting with Chairez and counsel's failure to investigate, collect evidence, and interview witnesses are meritless. However, we find that the record is insufficient to address whether Chairez' assistance of trial counsel was ineffective for failing to file a motion to suppress regarding Chairez' statements. Lastly, we find that the district court did not abuse its discretion when sentencing Chairez. Therefore, we affirm the decision of the district court.

AFFIRMED.