IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. THON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KEAT THON, APPELLANT.

Filed December 7, 2021.    No. A-21-414.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, Cindy A. Tate, and Rebekah S. Keller for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

PIRTLE, Chief Judge.

### INTRODUCTION

Keat Thon appeals from his plea-based conviction in the district court for Douglas County for manslaughter. He argues that the trial court erred by allowing victim impact statements at the sentencing hearing and by imposing an excessive sentence. Based on the reasons that follow, we affirm.

### BACKGROUND

Thon was charged with manslaughter, a Class II felony, and he pled no contest to the charge. The State provided the following factual basis for the charge:

On or about Friday, July 30th of 2020, officers responded to a shooting. Upon arrival, they located the victim, Nuer Yuek, inside the residence suffering from a gunshot wound to the chest. He was later transported to UNMC where he succumbed to his injuries.

- 1 -

Detectives with the homicide unit interviewed the 9-1-1 caller, Keat Thon, who made admissions implicating himself in the shooting. He advised that he was there with the victim messing around with the firearm when he pointed the gun at the victim, pulled the trigger, and the firearm went off.

He stated he believed the gun to have no live rounds in it when he pulled the trigger. However, he also admitted to hiding the firearm in the bushes in the front yard of 1520 North 31st Street after the shooting. During the processing of the scene, officers did locate a semiautomatic firearm outside the house in the bushes.

All events occurred in Omaha, Douglas County, Nebraska.

The trial court accepted Thon's plea, found him guilty of the charge, and ordered a presentence investigation report.

At the sentencing hearing, the victim's father provided a victim impact statement. Thon objected 13 times to statements made by the victim's father, and the trial court sustained every objection. Some of the statements were also stricken from the record. The court eventually ended the victim's father's remarks because he was "getting way off base." The court ultimately sentenced Thon to a term of 10 to 12 years' imprisonment.

## ASSIGNMENTS OF ERROR

Thon assigns that the trial court erred in (1) allowing victim impact statements at the sentencing hearing that violated Thon's Eighth Amendment rights and Nebraska law and (2) imposing an excessive sentence.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

*Victim Impact Statements.*

Thon first assigns that the trial court erred in allowing victim impact statements at sentencing that violated his Eighth Amendment rights and Nebraska law. He argues that the court considered improper statements made by the victim's father, despite sustaining Thon's objections and motions to strike, in determining Thon's sentence. Thon believes this to be true because the trial court did not stop or admonish the victim's father from making improper statements and did not inform the parties that it did not take the improper statements into consideration when determining the sentence.

The U.S. Supreme Court has held that victim impact statements considered at sentencing to show the personal characteristics of the victim or the emotional impact of the crime on the family do not violate the U.S. Constitution. *Payne v. Tennessee*, 501 U.S. 808, 111 S. Ct. 2597, 115 L. Ed. 2d 720 (1991); *State v. Galindo*, 278 Neb. 599, 774 N.W.2d 190 (2009). There is a substantive limitation on the admissibility of victim impact information: victim family members'

characterizations and opinions about the crime, the defendant, or the appropriate sentence may not be received in evidence. *State v. Vela*, 279 Neb. 94, 777 N.W.2d 266 (2010). To the extent that victim impact statements go merely to showing the personal characteristics of the victim or the emotional impact of the crime on the family, their admission at sentencing has been expressly held not to violate the U.S. Constitution. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000), *abrogated on other grounds*, *State v. Mata*, 275 Neb. 1, 745 N.W.2d 229 (2008). The admission of a victim's family members' characterizations and opinions about the crime, the defendant, and the appropriate sentence violates the Eighth Amendment. *State v. Bjorklund, supra.* However, the Eighth Amendment is not violated unless the sentencing body considers impermissible statements in reaching the sentencing decision. *State v. Bjorklund, supra.* While a jury will be assumed to have considered impermissible victim impact statements, the presumption for judges is the opposite. See *id.* In the absence of evidence to the contrary, the presumption is that a judge will disregard evidence that should not have been admitted. *Id.*

In the present case, assuming without deciding that some of the statements made by the victim's father crossed the line into opinions about the crime and the defendant, Thon objected to such statements and the district court sustained those objections, as well as motions to strike the statements. Therefore, the statements that Thon objected to as violating his Eighth Amendment rights were excluded by the court and not considered. The Eighth Amendment is not violated unless the sentencing body considers impermissible statements in reaching the sentencing decision. *Id.*

In addition, although the court did not explicitly tell the parties that it did not take the improper statements into consideration as Thon contends it should have, it stated the factors it did take into account in determining the sentence. It did not make any statement which would indicate that it utilized the victim impact statements in determining the sentence it imposed. Further, Thon has not presented any evidence or pointed out any indication in the record that the court considered the victim's father's statements. As previously stated, in the absence of evidence to the contrary, the presumption is that a judge will disregard evidence that should not have been admitted. Thon has failed to overcome the presumption that the court disregarded any improperly received statements. Accordingly, this assignment of error fails.

*Excessive Sentence.*

Thon next assigns that the trial court abused its discretion by imposing an excessive sentence. Thon was convicted of manslaughter, a Class IIA felony, punishable by a maximum sentence of 20 years' imprisonment with no minimum sentence required. See Neb. Rev. Stat. § 28-305 (Reissue 2016) and § 28-105 (Cum. Supp. 2020). Thon was sentenced to a term of 10 to 12 years' imprisonment. His sentence is within the statutory limits and, therefore, will not be disturbed absent an abuse of discretion. See *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Chairez*, 302 Neb. 731, 924 N.W.2d 725 (2019). The appropriateness of a sentence is necessarily a

subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Thon argues that the trial court failed to consider certain mitigating factors, specifically, his age, experience, mentality, social background, criminal background, and education. Thon was 19 years old at the time of the offense. He contends that he showed remorse and a willingness to change, and that his mentality was that of a "young undeveloped brain making reckless decisions without thinking (as can be expected of a 19 year old)." Brief for appellant at 15. Thon further contends the court failed to consider his lack of criminal history, as well as his low risk to reoffend and his family support system.

Before pronouncing Thon's sentence, the court stated that it had to take many factors into consideration in crafting an appropriate sentence. The court indicated that by entering a no contest plea Thon showed some acceptance of responsibility for the crime and saved the victim's family from having to go through a trial. The court stated that there were factors that weighed against a maximum sentence, but also factors that weighed against probation, and that somewhere in between was the correct sentence. The court also noted Thon's lack of a prior criminal record and the results of the assessment in the presentence investigation report.

Based on the record before us, the trial court considered the appropriate factors and did not consider any inappropriate or unreasonable factors in determining the sentences. We find that the court did not make its decision based upon reasons that are untenable or unreasonable, nor was its action clearly against justice or conscience, reason, and evidence. Thon's second assignment of error also fails.

CONCLUSION

We find no abuse of discretion in the decision of the district court to sentence Thon to 10 to 12 years' imprisonment. Accordingly, Thon's conviction and sentence is affirmed.

AFFIRMED.