Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/15/2019 08:06 AM CST

State of Nebraska, appellee, v.
Ross W. Spang, appellant.
___ N.W.2d ___

Filed February 15, 2019.    Nos. S-18-450, S-18-451.

1.  **Effectiveness of Counsel: Appeal and Error.** Appellate review of a
    claim of ineffective assistance of counsel is a mixed question of law and
    fact. When reviewing a claim of ineffective assistance of counsel, an
    appellate court reviews the factual findings of the lower court for clear
    error. With regard to the questions of counsel's performance or prejudice
    to the defendant as part of the two-pronged test articulated in *Strickland
    v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),
    an appellate court reviews such legal determinations independently of
    the lower court's decision.
2.  ____: ____. In reviewing claims of ineffective assistance of counsel on
    direct appeal, an appellate court decides only whether the undisputed
    facts contained within the record are sufficient to conclusively determine
    whether counsel's performance was deficient and whether the defendant
    was or was not prejudiced by counsel's alleged deficient performance.
3.  **Sentences: Appeal and Error.** Whether an appellate court is reviewing
    a sentence for its leniency or its excessiveness, a sentence imposed by
    a district court that is within the statutorily prescribed limits will not
    be disturbed on appeal unless there appears to be an abuse of the trial
    court's discretion.
4.  **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial
    counsel is different from his or her counsel on direct appeal, the defend-
    ant must raise on direct appeal any issue of trial counsel's ineffective
    performance which is known to the defendant or is apparent from the
    record in order to preserve such claim. Once raised, the appellate court
    will determine whether the record on appeal is sufficient to review the
    merits of the ineffective performance claims.
5.  **Trial: Effectiveness of Counsel: Evidence: Appeal and Error.** An
    ineffective assistance of counsel claim will not be addressed on direct
    appeal if it requires an evidentiary hearing.

6. **Effectiveness of Counsel: Records: Appeal and Error.** The trial record reviewed on appeal is devoted to issues of guilt or innocence; as such, it does not usually address issues of counsel's performance and is often insufficient to review on direct appeal an ineffective assistance of counsel claim.

7. **Effectiveness of Counsel: Records: Proof: Appeal and Error.** An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice.

8. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant has the burden to show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

9. ____: ____. To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.

10. ____: ____. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

11. **Issue Preclusion: Words and Phrases.** Issue preclusion means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties or their privies in any future lawsuit.

12. **Issue Preclusion.** There are four conditions that must exist before issue preclusion may apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privy with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.

13. **Issue Preclusion: Prior Convictions.** Issue preclusion does not apply to determinations of whether prior convictions can be used to enhance the classification of or sentence imposed on a subsequent conviction.

14. **Judgments: Appeal and Error.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

15. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as

well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime.

16. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeals from the District Court for Lancaster County: John A. Colborn, Judge. Affirmed.

Joseph D. Nigro, Lancaster County Public Defender, and Robert G. Hays for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

These consolidated cases present direct appeals by the defendant of his convictions for driving under the influence (DUI), fifth offense, a Class IIA felony, and aggravated DUI, fifth offense, a Class II felony. The defendant's convictions arise out of a no-contest plea agreement involving two separate criminal cases. The central issue raised by the defendant on appeal is whether his trial counsel was ineffective by failing to offer at the enhancement hearing available evidence that allegedly would have established that the State was precluded from relitigating a Wisconsin court's determination that a prior conviction was invalid for enhancement purposes. The defendant also asserts that his sentences are excessive.

## FACTS

### DUI Incidents

Ross W. Spang's DUI convictions that are challenged on appeal are based on the following facts occurring in May and August 2016 respectively.

In May 2016, an officer witnessed Spang turn the wrong way driving down a one-way street. The officer initiated a traffic stop and immediately noticed that Spang was intoxicated based on his slurred speech; red, watery eyes; and a strong odor of alcohol coming from him. The officer ordered Spang to exit his vehicle, and Spang fell down while exiting. The officer testified that Spang showed signs of impairment during his field sobriety test and that he failed his preliminary breath test. After being arrested and transported to jail, Spang completed a Breathalyzer test with a result of 0.190 grams of alcohol per 0.210 liters of his breath.

In August 2016, a state trooper pulled Spang's vehicle over after observing it traveling 82 miles per hour in a 60-mile-per-hour zone. The trooper initiated a traffic stop. The vehicle was being driven by Spang and had two passengers. When he made contact with Spang, the trooper could detect a strong odor of alcohol.

When prompted for his identification, Spang identified himself as "Reid Alan Spang." The trooper eventually learned that Spang had given a false name and that his true identity was "Ross Wayne Spang" with an address in Wisconsin.

The trooper later isolated the alcohol odor to Spang and had him submit to a field sobriety test and a preliminary breath test. During the field sobriety test, the trooper saw signs of impairment. In addition, the preliminary breath test showed a result of 0.128. Based on these circumstances, the trooper informed Spang that he was under arrest. However, when the trooper attempted to handcuff Spang, Spang ran from the trooper and escaped arrest. The trooper was unable to locate Spang and put him into custody at that time.

## PLEA AGREEMENT AND VERDICT

Spang was charged in two separate cases. In case No. S-18-450, Spang was originally charged with aggravated DUI (in excess of 0.15) with four or more prior convictions, a Class II felony. In case No. S-18-451, Spang was originally

charged with DUI with four or more prior convictions, a Class IIA felony, and felony escape.

A plea agreement was eventually reached between Spang and the State wherein Spang agreed to plead no contest to the DUI charges in exchange for dismissal of the felony escape charge. The district court advised Spang of the rights he was waiving by entering his pleas, and a factual basis was provided. The district court accepted the pleas and found Spang guilty of both DUI charges.

### Enhancement Hearing and Sentencing

An enhancement hearing was held, and the State offered certified copies of Spang's four prior DUI convictions from Wisconsin in 2004, 2006, 2007, and 2012. Spang's trial counsel did not object to the introduction or receipt of the evidence of the prior convictions. However, Spang's trial counsel argued that the 2006 conviction was invalid for enhancement purposes, because it did not reflect that Spang had effectively waived counsel in that case. Spang's counsel pointed out that this deficient waiver led to a subsequent Wisconsin decision in 2012, for an offense committed in 2011, holding that this prior 2006 conviction was not valid for enhancement purposes in Wisconsin. And counsel asserted that the State was precluded from relitigating the Wisconsin court's determination.

Spang's trial counsel offered into evidence, and the court received, a copy of the Wisconsin circuit court's 2012 judgment of conviction and docket entries for Spang's 2011 offense. These 2011-12 records reflect that the Wisconsin circuit court granted Spang's motion to preclude the use of a 2006 prior conviction for enhancement purposes in that case and that Spang's 2012 conviction was amended to a third offense rather than a fourth offense based on that preclusion. However, these records did not reflect on what basis the prior conviction was found invalid for enhancement purposes.

At the enhancement hearing, the State did not dispute that the 2006 conviction was the same conviction found defective and invalid for enhancement purposes in Wisconsin. However,

the State argued that such fact alone did not render it invalid in Nebraska for enhancement purposes. The State noted that there were different requirements for effective waiver of counsel between the two states and that the 2006 conviction document entered into evidence by the State reflected that Spang was advised of his rights and affirmatively waived his right to counsel in relation to the 2006 conviction. The State then argued that any attempt by Spang to challenge the validity of the waiver of counsel that occurred in the 2006 Wisconsin case would be an impermissible collateral attack under Nebraska law.

The district court found that the 2006 conviction, as well as the three other prior convictions, were valid prior convictions for enhancement purposes in Nebraska. The court found that the records entered into evidence by the State reflected that the defendant had counsel in three of his four convictions and that the State had demonstrated a sufficiently clear waiver under Nebraska law of his right to counsel in relation to the 2006 conviction.

In case No. S-18-451, the district court sentenced Spang to 5 to 10 years' imprisonment and a 15-year license revocation for DUI, fifth offense. In case No. S-18-450, the aggravated DUI, fifth offense conviction, Spang was sentenced 10 to 15 years' imprisonment and a 15-year license revocation. The sentences were ordered to run consecutively, resulting in an aggregate sentence of 15 to 25 years' imprisonment.

### Postconviction Relief

Spang's trial counsel did not file a direct appeal for this matter. Following his sentencing, Spang initiated a timely postconviction action challenging trial counsel as ineffective for failing to object to the introduction and receipt of the 2006 conviction, offer necessary evidence regarding the 2006 conviction, and file a direct appeal.

The district court concluded that Spang's trial counsel was ineffective for not advising Spang about his right to appeal and the 30-day time limit for filing an appeal. The district

court found this warranted a reinstatement of Spang's direct appeal right but declined to address the remaining postconviction claims.

## ASSIGNMENTS OF ERROR

Spang assigns that (1) he was denied due process and the effective assistance of counsel when his trial counsel failed to offer at the enhancement hearing a Wisconsin motion to preclude the consideration of a prior conviction and (2) the district court erred in imposing excessive sentences.

## STANDARD OF REVIEW

[1] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.[1] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[2] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[3] an appellate court reviews such legal determinations independently of the lower court's decision.[4]

[2] In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel's performance was deficient and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.[5]

[3] Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a

---

[1] *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

[2] *Id.*

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[4] *State v. Filholm, supra* note 1.

[5] See, *State v. Mendez-Osorio*, 297 Neb. 520, 900 N.W.2d 776 (2017); *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion.[6]

## ANALYSIS

### INEFFECTIVE ASSISTANCE OF COUNSEL

On direct appeal, Spang argues that he was denied due process and the effective assistance of counsel at trial as a result of trial counsel's failure to offer certain evidence at the enhancement hearing. Specifically, Spang argues that his trial counsel was ineffective in failing to offer his motion to preclude from the 2011-12 Wisconsin case, which allegedly would have explained in sufficient detail the grounds for the Wisconsin court's order for purposes of issue preclusion, sometimes referred to as collateral estoppel.

[4-7] When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record in order to preserve such claim.[7] Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims.[8] An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.[9] The trial record reviewed on appeal is devoted to issues of guilt or innocence; as such, it does not usually address issues of counsel's performance and is often insufficient to review on direct appeal an ineffective assistance of counsel claim.[10]

---

[6] *State v. Fields*, 268 Neb. 850, 688 N.W.2d 878 (2004).

[7] See, *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014); *State v. Williams*, 259 Neb. 234, 609 N.W.2d 313 (2000). See, also, *State v. Filholm, supra* note 1.

[8] *State v. Abdullah, supra* note 7.

[9] *Id.*

[10] See, *id.*; *State v. Filholm, supra* note 1. See, also, *State v. Williams, supra* note 7.

However, an ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice.[11]

[8-10] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[12] the defendant has the burden to show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[13] An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order.[14] To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.[15] To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[16]

The record on appeal does not contain the 2011 motion to preclude, which Spang argues would have established for the purpose of issue preclusion that the Wisconsin court decided an identical issue to the one before the trial court in the enhancement hearing. Nevertheless, we are able to determine that trial counsel's performance in failing to offer the Wisconsin motion to preclude did not prejudice Spang, because issue preclusion does not apply in sentence enhancement proceedings.[17]

[11,12] Issue preclusion means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same

---

[11] See *State v. Filholm, supra* note 1.

[12] *Strickland v. Washington, supra* note 3.

[13] See *State v. Marks*, 286 Neb. 166, 835 N.W.2d 656 (2013).

[14] *State v. Filholm, supra* note 1.

[15] *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013).

[16] *Id.*

[17] See *State v. Bruckner*, 287 Neb. 280, 842 N.W.2d 597 (2014).

parties or their privies in any future lawsuit.[18] There are four conditions that must exist before issue preclusion may apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privy with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.[19]

[13] In *State v. Bruckner*,[20] we held that regardless of whether these four conditions are met, issue preclusion does not apply to determinations of whether prior convictions can be used to enhance the classification of or sentence imposed on a subsequent conviction. Indeed, noting prior decisions by our court in which we were less than clear as to whether our holding was fact dependent, we stated that we were conclusively determining the "broader question of whether [issue preclusion] could *ever* apply in a sentence enhancement proceeding."[21]

In the criminal context, issue preclusion is a component of the Double Jeopardy Clause, and double jeopardy does not bar the use of prior convictions for enhancement purposes.[22] While we said this did not conclusively determine the applicability of issue preclusion, we were also persuaded by the public policy expressed by other jurisdictions similarly holding that issue preclusion does not apply to sentence enhancement proceedings.[23]

We were persuaded that concerns of public safety and reaching the right result, which are peculiar to the criminal process, outweigh the efficiency concerns that might otherwise favor application of issue preclusion.[24] Further, applying issue

---

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.* at 284, 842 N.W.2d at 600 (emphasis supplied).

[22] See *id.*

[23] See *id.*

[24] *Id.*

preclusion to prevent retrial of the validity of a prior conviction would undermine public confidence in the ability of the system to apply statutes prescribing increased punishment for repeat offenders.[25] Finally, allowing retrial of the validity of a prior conviction for purposes of enhancement only increases the accuracy of the sentencing proceeding for both the State and the defendant.[26]

In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. In light of our broad holding in *Bruckner* that issue preclusion does not apply to sentence enhancement proceedings, no amount of proof establishing the four conditions of issue preclusion would have made a difference. Thus, upon the record, we can conclude that Spang was not prejudiced by his trial counsel's failure to offer into evidence at the enhancement hearing the Wisconsin motion to preclude.

## Excessive Sentences

Spang next assigns that the district court erred by imposing excessive sentences. When a trial court's sentence is within the statutory guidelines, the sentence will be disturbed by an appellate court only when an abuse of discretion is shown.[27]

DUI, fifth offense, is a Class IIA felony punishable by 2 to 20 years' imprisonment and a mandatory 15-year license revocation.[28] Spang was sentenced to 5 to 10 years' imprisonment and a 15-year license revocation for this conviction. Aggravated DUI, fifth offense, is a Class II felony punishable by 2 to 50 years' imprisonment and a mandatory 15-year license revocation.[29] Spang was sentenced to 10 to 15 years'

---

[25] *Id.*

[26] See *id.*

[27] *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011).

[28] See Neb. Rev. Stat. §§ 60-6,197.03(9) (Cum. Supp. 2018) and 28-105 (Reissue 2016).

[29] See §§ 60-6,197.03(10) and 28-105.

imprisonment and a 15-year license revocation for this conviction. Because each of these sentences is within the statutory limitations, Spang's sentences will be disturbed only upon a finding of abuse of discretion.

[14-16] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[30] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime.[31] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[32]

We find that the sentencing court did not consider any inappropriate or unreasonable factors in determining Spang's sentences. Further, having reviewed the 2006 conviction and the evidence offered at the sentencing hearing, we find that the court did not make its decision based upon reasons that are untenable or unreasonable, nor was its action clearly against justice or conscience, reason, and evidence.

## CONCLUSION

Based on the findings above, we affirm the district court's decision.

AFFIRMED.

---

[30] *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

[31] *State v. Huff, supra* note 27.

[32] *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015).