IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEFFREY VITT JOHNSON, APPELLANT.

Filed June 18, 2019.    No. A-18-463.

Appeal from the District Court for Buffalo County: WILLIAM T. WRIGHT, Judge. Affirmed.

Thomas S. Stewart, Deputy Buffalo County Public Defender, and David B. Brinegar, of Ross, Schroeder & George, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, Erin E. Tangeman, and Derek Bral, Senior Certified Law Student, for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Jeffrey Vitt Johnson was convicted in the district court for Buffalo County of driving under the influence, fourth offense, and ignition interlock violation. He was sentenced to consecutive terms of imprisonment of 2 to 6 years for the driving under the influence conviction and to 1 to 1 year for the ignition interlock violation. Johnson appeals the convictions and sentences, and we affirm.

### BACKGROUND

On the morning of April 5, 2017, a man later identified as Johnson visited the drive-through window of a fast food restaurant. While operating a pickup truck, he attempted to purchase items not included on the restaurant's menu from the manager on duty, Jamie Darby. Because Johnson's

speech was slurred and he had difficulty communicating, Darby believed that Johnson was driving while intoxicated; and she reported him to the police.

Officer Jon Loebig of the Kearney Police Department was dispatched to the restaurant. He saw Johnson exit the restaurant's drive-through onto the street and observed Johnson drive up on to the curb "a little bit." Loebig activated his emergency lights, after which Johnson "blew" his front passenger tire by driving over a curb. Loebig approached Johnson's pickup, observing that it contained an interlock device and smelled of alcohol. Loebig administered field sobriety tests on Johnson, including the horizontal nystagmus test and the nine-step walk-and-turn test, each of which Johnson failed. Loebig then arrested Johnson. Johnson voluntarily consented to a blood test to determine his blood alcohol level. The results of the test showed that Johnson had a concentration of alcohol in his blood of 0.18 of a gram or more by weight of alcohol per 100 milliliters of his blood.

Johnson was charged by amended information with driving under the influence, 0.15 or more, fourth offense, a Class IIA felony, under Neb. Rev. Stat. § 60-6,196(1)(b) (Reissue 2010) and ignition interlock device violation, a Class IV felony, under Neb. Rev. Stat. § 60-6,211.11 (2)(b) (Supp. 2018).

Trial was held on November 9, 2017. Darby and Loebig testified as we summarized above. Loebig also testified that that an ignition interlock device measures the alcohol in a person's system before that person starts his or her car by taking a sample of his or her breath. If the person has no alcohol in his or her system, the vehicle will start. The device also periodically asks for breath samples while the vehicle is being driven. If a measurable amount of alcohol is detected by the device, it will not drive. Loebig did not ask Johnson how he was able to use his pickup while intoxicated despite the ignition interlock device. Areli Valles and Shanon Klingelhoefer, both medical technologists at Good Samaritan Hospital, testified about the hospital's procedures, certification, and equipment for performing blood alcohol tests.

The court received a complete abstract of Johnson's driving record, which showed that he had six convictions for driving under the influence. His latest conviction suspended his license for a period of 15 years. During that time, he was required to install an ignition interlock device in any vehicle in which he drove. Further, the court received excerpts from a video recording of Johnson's encounter with Loebig that support Loebig's description of the events. The court also received the conviction orders from three of Johnson's driving under the influence convictions.

On November 16, 2018, the district court entered an order convicting Johnson of the charges contained in the State's information. The court noted that Johnson did not argue the State failed to prove a prima facie case for driving under the influence and that he did not provide contradictory evidence. The court determined the evidence was sufficient to convict Johnson of this charge. In response to Johnson's argument that the State failed to prove he tampered with an interlock device, the court found that Johnson would not have been able to operate his pickup if he had consumed a measurable amount of alcohol and the interlock device was properly operating. The court also stated, "[Johnson] admitted to Officer Loebig that he had 'turned off' the interlock device so as to allow him to operate his pickup at the time of his arrest . . . ." As a result, the court found evidence beyond a reasonable doubt to convict Johnson of ignition interlock device violation. The court ordered a presentence investigation report be prepared, and set a date for sentencing. Johnson was thereafter sentenced to consecutive terms of imprisonment of 2 to 6 years

on the driving under the influence charge and to 1 to 1 year on the ignition interlock violation charge.

Johnson appeals the convictions and sentences.

## ASSIGNMENTS OF ERROR

Johnson assigns as error, restated, that (1) there was insufficient evidence to support his convictions and (2) the district court imposed excessive sentences.

## STANDARD OF REVIEW

In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019).

An appellate court reviews criminal sentences for abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

## ANALYSIS

*Evidence Was Sufficient to Support Johnson's Conviction.*

Johnson does not argue that the evidence is insufficient to convict him of driving under the influence under § 60-6,196(1)(b). Instead, he only argues that the State failed to prove that he tampered with or circumvented the ignition interlock device installed in his pickup. We find, however, that the State provided sufficient circumstantial evidence to support the conviction.

Johnson was convicted of an ignition interlock violation under § 60-6,211.11(2), which provides:

Any person ordered by a court or the Department of Motor Vehicles to operate only motor vehicles equipped with an ignition interlock device is guilty of a Class IV felony if he or she (a)(i) tampers with or circumvents and then operates a motor vehicle equipped with an ignition interlock device installed under the court order or Department of Motor Vehicles order while the order is in effect or (ii) operates a motor vehicle which is not equipped with an ignition interlock device in violation of the court order or Department of Motor Vehicles order and (b) operates the motor vehicle as described in subdivision (a)(i) or (ii) of this subsection when he or she has a concentration of two-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood or a concentration of two-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.

Johnson asserts that the State offered only the testimony of Loebig that he observed an interlock device in his pickup and a copy of his driving record. Johnson claims this evidence is

insufficient because Loebig did not testify as to whether or not the device was operable, and he did not ask whether Johnson had tampered with or circumvented the device.

Contrary to the district court's statement in its order that Johnson admitted to Loebig that he had "turned off" the interlock device in order to operate his pickup before his arrest, our review of the record reveals no such admission, which the State confirmed at oral argument. Nevertheless, we must review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Garcia, supra*. Our review of the evidence leads us to conclude that a rational trier of fact could find the essential elements of an ignition interlock violation.

The record shows that Johnson operated his pickup, which was equipped with an ignition interlock device, while under the influence of alcohol. Loebig testified that a functioning ignition interlock device would not allow a person to operate a motor vehicle with any amount of alcohol in his or her system. Moreover, the results of the blood test showed that Johnson had a concentration of alcohol in his blood of 0.18 of a gram or more by weight of alcohol per 100 milliliters of his blood. Because Johnson was able to operate his pickup with a high concentration of alcohol in his blood, the interlock device installed in that pickup could not have been functioning on the day of his arrest.

Together, these facts circumstantially show that Johnson tampered with the ignition interlock device in his pickup so that he could drive after having consumed alcohol, and Johnson offered no alternative evidence and no alternative theory of the circumstances. A fact proved by circumstantial evidence is nonetheless a proven fact. *State v. Olbricht*, 294 Neb. 974, 885 N.W.2d 699 (2016). Circumstantial evidence is not inherently less probative than direct evidence. *Id.* The State does not have the burden of disproving every hypothesis but that of guilt in order to sustain a conviction based upon circumstantial evidence. *State v. Nesbitt*, 226 Neb. 32, 409 N.W.2d 314 (1987). Therefore, the record supports the district court's conviction of Johnson for ignition interlock violation.

*District Court Did Not Impose Excessive Sentence.*

Johnson next assigns that the district court erred in imposing excessive sentences for his convictions. He argues that he should have been given a more lenient sentence on account of his age, physical and emotional disorders, as well as his disability. He also argues that the absence of proof that he tampered with or circumvented the ignition interlock device makes his consecutive sentence for the ignition interlock violation "wholly untenable." Brief for appellant at 9. We disagree.

Driving under the influence, 0.15 or more, fourth offense, is a Class IIA felony. Neb. Rev. Stat. § 60-6,197.03(8) (Supp. 2018). A Class IIA felony is punishable by a maximum of 20 years in prison and has no minimum sentence. Neb. Rev. Stat. § 28-105 (Supp. 2018). An ignition interlock device violation under § 60-6,211.11(2) is a Class IV felony. A Class IV felony is punishable by a maximum of 2 years in prison. § 28-105. Johnson's sentences were within the statutory limits. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Tucker*, 301 Neb. 856, 920 N.W.2d 680 (2018).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime. *State v. Spang*, 302 Neb. 285, 923 N.W.2d 59 (2019). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019). And generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Brown*, 302 Neb. 53, 921 N.W.2d 804 (2019).

After reviewing the record and the presentence investigation report here, we cannot say the sentences the district court imposed were an abuse of discretion. Johnson, 53 years old at the time of sentencing, has an extensive criminal record, including seven convictions for driving under the influence, three driving during suspension convictions, and numerous traffic violations. He also has convictions for violating a harassment protection order, theft by shoplifting (three convictions), resisting arrest, and attempted theft by shoplifting. The presentence investigation report shows that Johnson is at a high risk to reoffend on the overall Level of Service/Case Management Inventory, and he scored in the maximum risk range for alcohol and driver's risk on the Nebraska Driver's Risk Inventory.

At the sentencing hearing, the court indicated that it had reviewed the presentence investigation report. The court noted Johnson's seven prior convictions for driving under the influence since 1987 and that his last two convictions were for driving under the influence with a blood alcohol level of more than 0.15 grams of alcohol per one hundred milliliters of blood. The court found that Johnson was "clearly an alcoholic" and that he put the public at risk whenever he was on the road. The court noted that Johnson had been given multiple opportunities to correct this problem, but had failed to do so. The court imposed the sentences of incarceration to remove the threat Johnson posed to the public and to allow him to receive the necessary treatment. The court stated:

> The reason I'm making [the sentences] consecutive is that you knew that you had an ignition interlock device in your vehicle and you deliberately tampered with it and caused it not to function as it was intended to function, that is, to keep you from driving with alcohol in your system.

The district court took the appropriate factors into consideration when sentencing Johnson. We find sufficient evidence in the record to support the sentences the district court imposed, and therefore, those sentences were not an abuse of discretion.

## CONCLUSION

We find sufficient circumstantial evidence to support Johnson's conviction for ignition interlock violation. Further, considering the circumstances, the sentences on his convictions were not an abuse of discretion.

AFFIRMED.