IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. YOST


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JERAD J. YOST, APPELLANT.


Filed December 10, 2019.    No. A-18-1211.


Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed.

Thomas P. Strigenz, Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.


MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

MOORE, Chief Judge.

INTRODUCTION

Jerad J. Yost appeals from his plea-based convictions and sentences in the district court for Sarpy County, Nebraska, for tampering with a witness and terroristic threats. On appeal, Yost claims that his trial counsel was ineffective in various ways, resulting in his guilty plea not being voluntarily, knowingly, and intelligently made. Yost further claims that his trial counsel was ineffective in failing to file a motion to recuse the trial judge or disqualify the county attorney prior to the entry of the plea. For the reasons that follow, we affirm the order of the district court.

BACKGROUND

On July 27, 2018, Yost was charged by information with witness tampering, a Class IV felony; terroristic threats, a Class IIIA felony; intimidation by phone call, a Class III misdemeanor; and disturbing the peace, a Class III misdemeanor. Pursuant to a plea agreement, Yost pled guilty

on August 9 to witness tampering and terroristic threats, and the remaining two charges were dismissed. On August 31, Yost's first trial counsel filed a motion to withdraw. On September 10, the district court granted the motion, found Yost was indigent, and appointed a public defender to represent Yost.

On September 27, 2018, Yost's new counsel moved to withdraw Yost's plea. Thereafter, on November 9, Yost filed a motion to recuse the district court judge and a motion to disqualify the Sarpy County Attorney's Office. On November 27, the court held a hearing on the motions and after receipt of evidence, the motions were denied. Yost was thereafter sentenced to 2 years of probation for each conviction, with the sentences to run concurrently.

## ASSIGNMENTS OF ERROR

Restated, Yost assigns as error that his trial counsel was ineffective (1) due to lack of communication, lack of explanation of the law, and exertion of undue pressure, which rendered Yost's guilty pleas to not be voluntarily, knowingly or intelligently made, and (2) in failing to file a motion to recuse the trial judge or disqualify the county attorney prior to entry of his plea.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## ANALYSIS

Yost asserts that his first trial counsel was ineffective in various ways, rendering his "guilty" plea to not be voluntarily, knowingly, and intelligently made, and that said counsel was ineffective for failing to file a motion to recuse the trial judge or the county attorney prior to entering a plea.

Yost is represented on direct appeal by his second trial counsel. Thus his counsel for this direct appeal differs from his first trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lee*, 304 Neb. 252, 934 N.W.2d 145 (2019). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal. *State v. Stelly*, 304 Neb. 33, 932 N.W.2d 857 (2019). The determining factor is whether the record is sufficient to adequately review the question. *Id.*

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit, or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019). An

ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Chairez*, 302 Neb. 731, 924 N.W.2d 725 (2019).

When an ineffective assistance of counsel claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Sundquist, supra*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *State v. Spang*, 302 Neb. 285, 923 N.W.2d 59 (2019).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Lee, supra*. In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019). The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington, supra*, may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d 825 (2019).

*Failure to Communicate/Pressure to Enter Plea.*

Yost first asserts that his plea of no contest to the charges in the amended information was not knowingly, voluntarily, and intelligently made. To support a finding that a plea of guilty or no contest has been entered freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019). To support a plea of guilty or no contest, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *Id.*

Yost does not specifically raise any of the factors set forth above as a basis for his ineffective assistance claims related to his no contest pleas. Rather, he asserts that his plea of no contest to the charges in the amended information was not knowingly, voluntarily, and intelligently made because of the lack of communication with his first trial counsel as well as the "overbearing pressure" he was under to enter into the plea agreement. Yost claims that he was not able to fully discuss with trial counsel the terms of the plea agreement, the facts, and that he would lose his right to be a volunteer fire fighter. In addition, Yost claims that he was ordered by trial counsel to plead guilty. Yost asserts that he did not have enough time to discuss the case with trial counsel and counsel only met with him a few short minutes before the entry of plea hearing.

Yost suggests that the record is insufficient to address this argument without the benefit of an evidentiary hearing. We agree the record is insufficient, but we find that Yost has failed to present the record to address this claim. The transcript shows that a hearing on Yost's motion to withdraw his plea was held on November 27, 2018. The order from that hearing shows that six exhibits were received in evidence. However, Yost has not presented the bill of exceptions from that hearing in order for us to be able to review the exhibits or any other matters that occurred at that hearing. Without this record, we cannot determine whether the evidence supported the trial court's denial of the motion to withdraw his plea. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015).

However, the bill of exceptions from the plea hearing held on August 9, 2018, is part of our appellate record. Yost was advised of the charges and possible penalties, and Yost confirmed his understanding. Yost was advised by the court of all of his rights, and Yost again confirmed his understanding. The court then proceeded to ask Yost questions concerning his age, education, and ability to read, write, and understand the English language. Yost denied consuming any alcohol or controlled substance in the prior 3 days. Yost advised that he has depression, and that he takes medication. Yost indicated that the medication does not affect his ability to understand the proceedings. The court found that Yost was alert and was thinking clearly and understanding exactly what was happening in court. The court advised Yost that he would lose his various rights by pleading no contest, except his right to an attorney and to appeal. Yost indicated that he understood. Yost also expressed his understanding that he would be waiving possible defenses to the charges. When asked whether anyone made any promises or threats to him of any kind to enter pleas of no contest, Yost responded, "No, they didn't." When asked whether he had had enough time to speak with his attorney about the case, Yost responded, "Yes, Your Honor." Yost indicated that he told his trial attorney everything he knew about the case and discussed all possible defenses.

The State then offered a factual basis for the charges. The factual basis showed that Yost had a telephone conversation with his father on May 14, 2018, during which Yost was calling his father obscene names and continually asked his father to "come meet me face to face." Yost also told his father that he "better [expletive] fix this," in regards to another pending matter, "or I'll -- otherwise I'll fix you." Yost then told his father that he was "on his way to kick the living [expletive] out of him" and that his father needed to leave his house. Officers listened to this recorded audio conversation.

The court accepted Yost's plea and waiver of rights and found that the plea was made knowingly, intelligently, and voluntarily. The court found the factual basis supported his plea. The court found him guilty of the charges.

We conclude that the record is sufficient to refute Yost's claims that he did not have adequate time to discuss his case with his first trial counsel and that his trial counsel pressured him into entering his plea. This claim of ineffective assistance of trial counsel is without merit.

*Failure to File Motion to Recuse Trial Judge/County Attorney.*

Yost next argues that his first trial counsel should have filed a motion to recuse the trial judge due to the number of other cases pending before the trial judge over which he had presided, including a paternity and support case and three separate protection order cases. Yost asserts that a reasonable person who knew the circumstances of the cases would have reasonable grounds to

question the judge's impartiality under an objective standard of reasonableness. See *State v. Thompson*, 301 Neb. 472, 919 N.W.2d 122 (2018) (judge should recuse himself or herself when litigant demonstrates that reasonable person who knew circumstances of case would question judge's impartiality under objective standard of reasonableness, even though no actual bias or prejudice was shown).

Yost contends that this motion should have been filed before he entered his plea. Although his second trial counsel did file this motion after the plea but before sentencing, by that time, Yost argues that "the motion would be considered moot and the burden much higher." Brief for appellant at 11.

Yost also asserts that his first trial counsel should have filed a motion to recuse the Sarpy County Attorney from prosecuting the case due to an apparent conflict of interest which violated Yost's Sixth Amendment right to fair trial. Specifically, Yost asserts that the alleged victims were Gerald Yost and Jackie Yost, and that Jackie is employed by the Sarpy County Sheriff who investigated the case. Yost again acknowledges that such a motion was later filed by his second trial attorney, but he argues that the motion was moot at that time.

Yost again suggests that the record is insufficient to address this argument without the benefit of an evidentiary hearing. As we noted above, while we agree the record is insufficient, we find that Yost has failed to present the record to address this claim. The transcript shows that a hearing on Yost's motions to recuse the trial judge and the prosecuting attorney was held on November 27, 2018. The order from that hearing shows that six exhibits were received in evidence. However, Yost has not presented the bill of exceptions from that hearing in order for us to be able to review the exhibits or any other matters that occurred at that hearing. Without this record, we cannot determine whether there was any merit to the motions for recusal such that his first trial counsel could be deemed ineffective. It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). For this reason, we find that this claim of ineffective assistance of counsel is without merit.

CONCLUSION

Finding no merit to Yost's claim that his trial attorney was ineffective, we affirm his plea-based convictions and sentences.

AFFIRMED.