IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


STATE V. HOWARD


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

STUART D. HOWARD, APPELLANT.


Filed February 4, 2020.    No. A-19-433.


Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Randall Wertz for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.


RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

Stuart D. Howard pled no contest to Count 1, operating a motor vehicle to avoid arrest; Count 2, attempted possession of a controlled substance; and Count 3, "DUI-.08 breath-1st offense." The Lancaster County District Court subsequently sentenced him on those counts. Howard now claims his counsel was ineffective. We find the record sufficient to address his claims and affirm the judgment of the district court.

### BACKGROUND

On June 21, 2018, the State filed an information charging Howard with a total of eight counts: Count 1, operating a motor vehicle to avoid arrest, a Class IV felony, pursuant to Neb. Rev. Stat. § 28-905 (Reissue 2016); Count 2, possession of a controlled substance, a Class IV felony, pursuant to Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2018); Count 3, "DUI-.08 breath-1st offense," a Class W misdemeanor, pursuant to Neb. Rev. Stat. §§ 60-6,196 and 60-6,197.03(1) (Reissue 2010 & Cum. Supp. 2018); Count 4, refusing a chemical test, a Class W misdemeanor,

- 1 -

pursuant to Neb. Rev. Stat. §§ 60-6,197 and 60-6,197.03(1) (Cum. Supp. 2018); Count 5, resisting arrest, a Class I misdemeanor, pursuant to Neb. Rev. Stat. § 28-904 (Reissue 2016); Count 6, obstructing a peace officer, a Class I misdemeanor, pursuant to Neb. Rev. Stat. § 28-906 (Reissue 2016); Count 7, leaving the scene of an accident, a Class II misdemeanor, pursuant to Neb. Rev. Stat. § 60-696 (Reissue 2010); and Count 8, willful reckless driving, a Class III misdemeanor, pursuant to Neb. Rev. Stat. §§ 60-6,214 and 60-6,216 (Reissue 2010).

Pursuant to a plea agreement, the State filed an amended information on January 24, 2019, charging Howard with three counts: Count 1, operating a motor vehicle to avoid arrest, a Class IV felony, pursuant to § 28-905; Count 2, attempted possession of a controlled substance, a Class I misdemeanor, pursuant to Neb. Rev. Stat. §§ 28-201 and 28-416(3) (Reissue 2016 & Cum. Supp. 2018); and Count 3, "DUI-.08 breath-1st offense," a Class W misdemeanor, pursuant to §§ 60-6,196 and 60-6,197.03(1). At a hearing that same day, Howard pled no contest to all three counts in the amended information. The following factual basis was provided by the State:

On December 10th of 2017 . . . Officer Duffek . . . observed a vehicle without any headlights. He followed the vehicle and observed it to violate a red traffic signal and then get up to approximately 70 miles per hour on 48th Street.

He initiated his overhead lights and made a traffic stop on the vehicle. Upon contact with the driver, he noted that the driver had bloodshot watery eyes. His eyelids were droopy. He asked him about consuming alcohol that evening. The driver didn't answer, quickly accelerated west bound on Leighton. As he began to accelerate, the officer exclaimed, "Stop. You don't want to do that." The officer was right next to the vehicle when it took off.

The officer went back to his cruiser pursuing the vehicle. The vehicle accelerated to approximately 65 miles per hour. It turned north bound onto 41st Street. It was then that the vehicle appeared to have drove [sic] through a barrier and struck a backhoe further north on 41st Street.

Officer approached the vehicle, and the driver was still inside the vehicle. The officer drew his weapon and gave the driver orders to get on to the ground. The driver stumbled from the vehicle, obviously disoriented from the collision. He gave him several orders to get on to the ground, however the driver continued to disobey the commands and walked westbound. He then began to run north bound on 41st against the officer's commands.

Officer went and tried to stop him, causing him to fall on the ground and had to wrestle his arms in order to get them behind his back. He did identify the driver as . . . Howard.

Upon a search of the vehicle there was a backpack that was discovered that had some information for Mr. Howard. There was in the side pocket of the same backpack a small folded piece of paper with three Tepentadol pills, which were found to be a Schedule II controlled substance.

Howard was transported to Bryan West due [sic] the head injury suffered from either the accident or his fall. After being discharged with a diagnosis of a head injury and alcohol intoxication he was transported to the Lancaster County Jail.

Once at jail he was read a post arrest chemical advisement form and ordered to complete a breath test. Despite being ordered to complete the . . . breath test, he did not do so. He continued to argue with the officers complaining of various pains instead of attempting the test. The test did time out as deficient.

All these events occurred in Lancaster County, Nebraska.

The district court accepted Howard's no contest pleas to each count and found him guilty of the same. The case was set for sentencing.

After a hearing on April 24, 2019, the district court sentenced Howard to consecutive sentences of 365 days' jail time and 12 months' postrelease supervision on Count 1 (additionally driving privileges and driver's license suspended and revoked for 2 years), 90 days' jail time on Count 2, and 60 days' jail time on Count 3 (additionally driving privileges and driver's license suspended and revoked for 6 months and he was fined $500).

Howard appeals.

## ASSIGNMENTS OF ERROR

Howard assigns that his trial counsel was ineffective because counsel failed to (1) consult and present the testimony of a toxicologist, "who may have been able" to accurately calculate Howard's intoxication level at the time of the incident, and (2) request a continuance of the sentencing hearing so that Howard's mental health records could be included in the presentence investigation report (PSR).

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## ANALYSIS

Howard claims his trial counsel was ineffective. His counsel for this direct appeal differs from his trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record in order to preserve such claim. *State v. Spang*, 302 Neb. 285, 923 N.W.2d 59 (2019). Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant has the burden to show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Spang, supra*. In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha, supra*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.*

In his brief, Howard states that his trial counsel failed to (1) consult and present the testimony of a toxicologist, "who may have been able" to accurately calculate Howard's intoxication level at the time of the incident, and (2) request a continuance of the sentencing hearing so that Howard's mental health records could be included in the PSR.

## TOXICOLOGIST

Howard states, "There is nothing in the record reflecting trial counsel requesting the trial [sic] to appoint an expert witness, specifically a toxicologist, to calculate and testify to the level of intoxication of [Howard] at the time of the incident." Brief for appellant at 6. Howard alleges that "had such an expert been requested, appointed, and questioned, the testimony of the expert could have been an important factor the Judge/or jury could have considered in determining if [Howard] had the requisite specific intent to be accountable for the crimes for which he was charged." *Id*.

Before the district court accepted Howard's no contest pleas, the following colloquy was had on the record:

THE COURT: . . . [I]f I accept your pleas of no contest and find you guilty of these charges, there will be no trial of any kind. Do you understand that?

[HOWARD]: Yes, sir.

. . . .

THE COURT: In a trial you have a right to present witnesses in your own defense. You have a right to subpoena witnesses, and you can testify, yourself, in your own defense. Do you understand that?

[HOWARD]: Yes, sir.

THE COURT: However, if I accept your pleas of no contest and find you guilty of these charges, you would waive and do without these rights. Do you understand that?

[HOWARD]: Yes, sir.

. . . .

THE COURT: On a not guilty plea, the burden is on the State to prove you guilty beyond a reasonable doubt. Do you understand that?

[HOWARD]: Yes, sir.

THE COURT: However, if I accept your plea of no contest and find you guilty of these charges, the State would not have this burden of proof. In fact the State would not have any burden of proof. Do you understand that?

[HOWARD]: Yes, sir.

- 4 -

. . . .

THE COURT: . . . [I]f I accept your no contest pleas, you would waive any defense you may have to the charges. Do you understand that?

[HOWARD]: Yes, sir.

The following additional colloquy was had on the record:

THE COURT: Have you had an adequate amount of time to discuss this case with your attorney?

[HOWARD]: Yes, sir.

THE COURT: Have you gone over all the facts and possible consequence with your attorney?

[HOWARD]: Yes, sir.

THE COURT: Have you discussed all possible defenses you may have to these charges with your attorney?

[HOWARD]: Yes, sir.

THE COURT: Have you told your attorney everything you know about these matters?

[HOWARD]: Yes, sir.

THE COURT: Do you believe your attorney is competently representing you?

[HOWARD]: Yes, sir.

At no time during the foregoing did Howard express that an expert witness (toxicologist) would be helpful in exonerating him or mitigating his culpability. In fact, he specifically acknowledged that by entering a plea he was giving up his right to a trial, his right to call witnesses on his behalf, and his right to present a defense.

Furthermore, in his brief, Howard asserts only that an expert witness "may have" been able to provide information regarding Howard's intoxication level, brief for appellant at 5, and that the testimony of such an expert "could have" been an important factor the judge or jury could have considered in determining whether Howard should be held accountable for the charged crimes, *id.* at 6. Howard's assertions cannot establish prejudice, because he has not shown a reasonable probability that but for the alleged errors of counsel, he would have insisted on going to trial rather than pleading guilty. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Howard's ineffective assistance claim regarding a toxicologist fails.

CONTINUANCE

Howard claims that trial counsel failed to request a continuance of the sentencing hearing based upon the lack of mental health records, and that Howard was the one who had to ask for a continuance. This claim is refuted by the record.

At the sentencing hearing on March 21, 2019, the district court asked if there were any additions or corrections that needed to be made to the PSR, and Howard's counsel responded, "No." When the court asked the same question of Howard, Howard responded that he was "shocked" that the "PSI officer" had not received his mental health records from Lutheran Family

Services because he had signed releases. At that point, Howard's counsel did request that sentencing be continued to get more information from Lutheran Family Services; the continuance was granted. And at the continued sentencing hearing on April 24, upon the request of Howard's counsel, the district court made the documents from Lutheran Family Services part of the PSR. Although it was Howard who initially raised the issue of his mental health records, his counsel was the one who requested the continuance and the health records were made part of the PSR. Therefore, the record refutes Howard's claim that counsel failed to request a continuance and this ineffective assistance claim also fails.

## CONCLUSION

For the reasons set for above, we find no merit to Howard's claims of ineffective assistance of trial counsel.

AFFIRMED.