IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MANN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ARTWIONE D. MANN, APPELLANT.

Filed May 25, 2021.    No. A-20-754.

Appeal from the District Court for Gage County: RICKY A. SCHREINER, Judge. Affirmed.

Matthew Kosmicki for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Artwione D. Mann appeals from his plea-based conviction in the district court for Gage County for attempted possession of a controlled substance (methamphetamine) with intent to distribute. He alleges that his sentence is excessive and that his trial counsel was ineffective. Based on the reasons that follow, we affirm.

## BACKGROUND

Mann was initially charged by information with possession of a controlled substance (methamphetamine) with intent to distribute, a Class II felony, and possession of drug paraphernalia, an infraction. Pursuant to a plea agreement, an amended information was filed charging Mann with attempted possession of a controlled substance (methamphetamine) with intent to distribute, a Class IIA felony, and he pled no contest. In exchange for the plea, the State agreed to recommend a sentence of probation.

- 1 -

Prior to accepting his plea, the court reviewed the plea agreement with Mann and told him it was not bound by any sentencing recommendation. The court also explained the charge against him and the possible penalties, as well as the rights he was waiving by pleading no contest. Mann indicated he understood everything that was explained to him. Mann also indicated that he had enough time to speak with his attorney, he had told his attorney everything he knew about the case, he was satisfied with this attorney's work, and he believed his attorney was competent. Mann also stated that other than the plea agreement, no threats or promises had been made to get him to plead and that he was entering his plea freely and voluntarily.

A factual basis was given by the State as follows:

> That on September 26th of 2019, Officer Maloley was on duty for the Beatrice Police Department when he was called to assist Deputy Chavez of the Gage County Sheriff's Office to work an accident in the 100 block of South Sixth Street in Beatrice, Gage County, Nebraska.
>
> Officer Maloley made contact with the defendant, Artwione Mann, in the back seat of a vehicle that was owned by Dalton Strictland. During contact with Artwione Mann, he did grant permission to search his person, and in his left inside shorts pocket, Officer Maloley located a baggie and a scale inside his sock. That bag contained a white crystal substance that field tested positive for methamphetamine weighing approximately 1 gram.
>
> Artwione Mann was read his Miranda rights and agreed to speak with Officer Maloley without an attorney present. He advised Officer Maloley that he would be getting a . . . ride from Melissa Schmidt-Goertzen, [and] her boyfriend, Dalton Strictland, to deliver methamphetamine to another male.
>
> That methamphetamine was ultimately tested by the Nebraska State Patrol Crime Lab where it did confirm it was methamphetamine, a Schedule II controlled substance. All these events occurred in Gage County, in Nebraska.

The court subsequently accepted Mann's plea and found there were sufficient facts to find him guilty beyond a reasonable doubt. The court told Mann he needed to meet with the probation office to complete a presentence investigation, psychological evaluation, and substance abuse evaluation. It also reiterated that it was not bound by the State's sentencing recommendation.

A sentencing hearing followed. At the start of the hearing, Mann's counsel stated that Mann wanted to withdraw his plea. Counsel admitted that no formal motion had been made. The court overruled the motion and subsequently sentenced Mann to a term of 3 to 5 years' imprisonment.

## ASSIGNMENTS OF ERROR

Mann assigns that the trial court erred in imposing an excessive sentence and that he was denied effective assistance of counsel in the following ways: (1) trial counsel was ineffective in failing to adequately meet with him, failing to adequately review discovery materials, failing to provide him with discovery materials, and failing to investigate his defense; (2) trial counsel was ineffective in failing to file and articulate a proper motion to withdraw plea; (3) trial counsel was ineffective in promising him that if he pled guilty he would be sentenced to probation; and (4) trial counsel was ineffective in failing to correct the trial court at sentencing when it stated that Mann had been sentenced to prison twice before.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *Id.* In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

ANALYSIS

*Excessive Sentence.*

Mann first assigns that the trial court imposed an excessive sentence. Mann was convicted of attempted possession of a controlled substance (methamphetamine) with intent to distribute, a Class IIA felony punishable by a maximum of 20 years' imprisonment and no minimum. See, Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 2020); Neb. Rev. Stat. § 28-201 (Cum. Supp. 2020); Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Mann was sentenced to a term of 3 to 5 years' imprisonment. His sentence is within the statutory limits and, therefore, will not be disturbed absent an abuse of discretion. See *State v. Blaha, supra.*

Mann acknowledges that the sentence is within the statutory limits but argues that the court ignored many of the relevant factors which should have been considered and should have sentenced him to probation. He argues that the court failed to consider that he accepted some responsibility for the offense, he struggled with addiction and mental health issues, and had limited education and difficulty finding employment.

It is within the discretion of the trial court whether to impose probation or incarceration, and an appellate court will uphold the trial court's decision denying probation absent an abuse of discretion. See *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Chairez*, 302 Neb. 731, 924 N.W.2d 725 (2019). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

At the sentencing hearing, the trial court stated that it took the above-mentioned factors into account in determining the sentence. The court noted that it had given Mann 3 months to meet with probation for the presentence investigation and he had failed to do so. It also noted that Mann admitted to law enforcement that at the time of his arrest he was getting a ride to deliver methamphetamine. The court further stated that Mann's criminal history included a couple assault convictions; he had been sentenced to two terms of probation as an adult, both of which were

revoked and he was resentenced to jail; and he had been sentenced to multiple terms of incarceration in county jails and two terms of incarceration in the Nebraska Department of Corrections. The court concluded that based on the lack of information available due to Mann's failure to meet with probation, and his past criminal record, it did not find him to be a suitable candidate for probation.

Mann was first charged with a crime, criminal mischief, in 2002 when he was 12 years' old. He has a lengthy juvenile record, including multiple charges of assault and multiple terms of probation, all of which he completed. He also has a lengthy criminal history as an adult, resulting in probation, fines, restitution, revoked license, and incarceration.

Mann claims the court failed to take into account his limited education and difficulty finding employment, but at the plea hearing Mann told the court he had graduated high school and had taken some college classes. He was also employed at that time.

Based on the record before us, the trial court took the appropriate factors into consideration when sentencing Mann and there is no indication it considered any inappropriate or improper factors. The court had limited information to consider given that Mann failed to meet with probation for the presentence investigation. Accordingly, it cannot be said that the trial court abused its discretion or that the sentence imposed was excessive.

*Ineffective Assistance of Counsel Claims.*

Mann next assigns that his trial counsel provided ineffective assistance. Mann has different counsel on direct appeal than he did at trial. When a defendant's counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, whether an attorney's representation was deficient depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha, supra*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra*.

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the

appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Mann assigns four instances of ineffective assistance of counsel: (1) trial counsel was ineffective in failing to adequately meet with him, failing to adequately review discovery materials, failing to provide him with discovery materials, and failing to investigate his defense; (2) trial counsel was ineffective in failing to file and articulate a proper motion to withdraw plea; (3) trial counsel was ineffective in promising him that if he pled guilty he would be sentenced to probation; (4) trial counsel was ineffective in failing to correct the trial court at sentencing when it stated he had been sentenced to prison twice before.

First, Mann assigns that his trial counsel was ineffective for failing to adequately meet with him, review and provide discovery materials, and investigate his defense. Mann suggests that the record is insufficient on direct appeal to address this claim and he raises it only to preserve it. We disagree. At the plea hearing, Mann indicated that he had enough time to speak with his attorney, he had told his attorney everything he knew about the case, he was satisfied with his attorney's work, and he believed his attorney was competent. Accordingly, we conclude that the record is sufficient to review this claim on direct appeal and that Mann cannot show that counsel's performance was deficient. This claim of ineffective assistance of counsel fails.

Second, Mann assigns that his trial counsel was ineffective for failing to file and articulate a proper motion to withdraw plea. At the start of the sentencing hearing, Mann's counsel informed the court by oral motion that Mann wanted to withdraw his no contest plea. Counsel noted that no formal motion had been made. She told the court that Mann wanted to withdraw his plea because he felt the charge was excessive and he was "concerned about sentencing" since he failed to meet with probation. The court denied the motion, noting that it was not properly presented before the court, but also because the court had a lengthy colloquy with Mann at the plea hearing and Mann indicated he understood what was explained to him and still wanted to enter the plea. The court further stated that the issues he raised were issues for appeal rather than a motion to withdraw plea.

After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Kearns*, 29 Neb. App. 648, 956 N.W.2d 739 (2021). The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.*

Mann argues that "[t]rial counsel did not competently articulate a proper basis for the court to consider allowing [him] to withdraw his plea." Brief for appellant at 18. He contends that counsel should have argued that "because [he] had changed his mind his plea was not knowingly, voluntarily and intelligently made." *Id.* at 20. He also states that counsel should have filed a written motion to withdraw his plea prior to the sentencing hearing. He contends that had counsel competently argued and properly filed the motion, the court would have allowed Mann to withdraw his plea.

Over 3 months after Mann entered his plea to the reduced charge, Mann decided he felt he had been overcharged and was worried that his failure to meet with probation for the presentence investigation was going to negatively affect his sentence. Mann's questioning his decision to accept the plea agreement and regretting his failure to meet with probation does not equate to a finding that his plea was not knowingly, voluntarily, and intelligently made. The record supports

that Mann knew what the charge was against him, as well as the possible penalties, and that he knowingly, voluntarily, and intelligently pled no contest. Although the court found that the motion to withdraw was not properly presented, it also found that it had fully explained to Mann at the plea hearing the consequences of entering into the plea agreement and Mann indicated he understood and wanted to enter a no contest plea. Mann did not present a fair and just reason to permit withdrawal of the plea, even if counsel had properly presented the motion. Accordingly, the record demonstrates that Mann cannot show that he was prejudiced by counsel's performance in regard to the motion to withdraw his plea. This claim of ineffective assistance of counsel fails.

Third, Mann assigns that his trial counsel was ineffective in promising him that if he accepted the plea agreement and pled guilty the court would sentence him to probation. He claims that had trial counsel properly explained to him that the court was not bound by any sentencing recommendation and the sentence was up to the court's discretion, he would not have entered into the agreement.

However, the record shows that Mann was made aware that the court was not required to impose any recommended sentence. Prior to accepting his plea, the court informed Mann that it was not bound by any sentencing recommendation. In addition, at the end of the plea hearing the court again stated that it was not bound by the State's sentencing recommendation. Therefore, Mann knew the court was not bound to follow the recommended sentence and that there was no guarantee that he would be sentenced to probation. Accordingly, even if counsel had promised him he would be sentenced to probation, he cannot show that he was prejudiced by counsel's actions because the court informed him otherwise. Mann's third ineffective assistance of counsel claim fails.

Fourth, Mann assigns that trial counsel was ineffective for failing to correct the trial court at sentencing when the court stated Mann had been sentenced to prison twice before. When the court was explaining why it was imposing incarceration rather than probation, it stated: "Your prior criminal history includes two terms of probation, both of which were revoked. You have been sentenced to multiple terms of incarceration in county jails and two terms of incarceration in the Nebraska Department of Corrections." Mann contends that this statement was false because he has only been under the supervision of the Department of Corrections one time, and that the misconception played a factor in the court's sentencing decision. Mann claims that he informed his trial counsel that the court was incorrect and asked her to correct it, but trial counsel refused to correct the court.

Even if the court was mistaken about Mann being sentenced to prison twice before, and counsel failed to correct the court, Mann cannot show that he was prejudiced by counsel's failure to act. In determining that Mann was not a candidate for probation the court did not rely solely on Mann's past prison time. The court also noted that Mann's criminal history included assault convictions; he had been sentenced to probation twice before and both times his probation was revoked; and he had been previously sentenced to multiple terms of incarceration in county jails. Further, the court stated that Mann had failed to meet with probation for the presentence investigation, and that Mann admitted to law enforcement that at the time of his arrest he was getting a ride to deliver methamphetamine. The court concluded that based on the lack of information available due to Mann's failure to meet with probation, and his past criminal record, it did not find him to be a suitable candidate for probation. Therefore, we conclude that Mann

cannot show that had his counsel corrected the court about the number of times he had been in prison, the court would have sentenced him to probation rather than incarceration. Because the record demonstrates Mann was not prejudiced by this alleged omission by Mann's counsel governing his prior incarceration history, this claim of ineffective assistance of counsel fails.

## CONCLUSION

We conclude that the district court did not abuse its discretion in sentencing Mann to 3 to 5 years' imprisonment. We also conclude that the record is sufficient to resolve Mann's claims of ineffective assistance of counsel on direct appeal and that all such claims fail. Accordingly, Mann's convictions and sentences are affirmed.

AFFIRMED.