IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ROTHERING

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LUKE E. ROTHERING, APPELLANT.

Filed August 5, 2025.    No. A-24-852.

Appeal from the District Court for Holt County: MARK D. KOZISEK, Judge. Affirmed.

Michael L. Sholes, of Gotschall & Sholes, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Pursuant to a plea agreement, Luke E. Rothering entered no contest pleas in the district court for Holt County to assault on an officer in the second degree, driving under the influence of alcohol (third offense), operating a motor vehicle to avoid arrest, and felony criminal mischief. On appeal, Rothering asserts that his trial counsel provided ineffective assistance by failing to interview necessary witnesses and failing to adequately advise him of the plea agreement. We affirm.

## BACKGROUND

On July 3, 2024, Rothering was charged by amended information with 14 counts based on events occurring on April 6: count 1, assault on an officer in the first degree, a Class ID felony; count 2, assault on an officer in the third degree, a Class IIIA felony; count 3, driving under the influence of alcohol (third offense), a Class IIIA felony; count 4, operating a motor vehicle to

avoid arrest, a Class IV felony; counts 5 through 7, criminal mischief, two Class IV felonies and one Class I misdemeanor; count 8, refusal to submit to a chemical test, a Class W misdemeanor; count 9, operating a motor vehicle without an ignition interlock device, a Class I misdemeanor; count 10, obstructing a peace officer, a Class I misdemeanor; count 11, resisting arrest, a Class I misdemeanor; count 12, no proof of financial responsibility, a Class II misdemeanor; count 13, willful reckless driving, a Class III misdemeanor; and count 14, refusal to submit to a chemical test, a Class V misdemeanor.

The State and Rothering reached a plea agreement under which Rothering pled no contest on August 12, 2024, to assault on an officer in the second degree, driving under the influence of alcohol (third offense), operating a motor vehicle to avoid arrest, and one count of felony criminal mischief. The parties did not reach an agreement on restitution or sentencing, and the remaining charges were dismissed.

According to the State's factual basis, which Rothering did not dispute, law enforcement received a report of a white SUV on Highway 275 that had "fishtailed," entered the ditch, returned to the highway, and then entered the ditch again. An officer later located a vehicle matching that description parked and unoccupied near a bar. The officer left but took note of the vehicle's presence.

The officer was dispatched back to the bar upon receiving information that Rothering, the driver of the SUV, was inside, behaving strangely, and causing concern among patrons. While en route, the officer encountered Rothering driving the SUV without headlights and attempted to initiate a traffic stop.

Rothering did not comply. Instead, he fled, and a pursuit ensued. During the chase, he crossed the center and fog lines multiple times. At one point, he drove entirely into the oncoming lane of traffic. Several officers joined the pursuit, which continued onto private ranch property. There, Rothering drove through fences and caused significant property damage. He then "rammed" into a law enforcement vehicle, causing injury to an officer.

Rothering was eventually taken into custody. Officers observed signs of alcohol consumption, so Rothering was read a post-arrest chemical test advisement form and was asked to submit to a Datamaster test, which he refused.

At the plea hearing, the district court advised Rothering of the constitutional rights he would waive by pleading no contest, including his right to a speedy jury trial and a unanimous verdict, the right to confront and subpoena witnesses, the right to remain silent, the presumption of innocence, and the State's burden to prove each charge beyond a reasonable doubt. Rothering confirmed that he understood these rights and that by pleading no contest, he would waive them.

The district court explained the nature of the charges against Rothering and the possible penalties he faced. Rothering acknowledged that he understood the charges and potential penalties. He also understood that by pleading no contest, he was admitting to the truth of the charges and would be convicted without a trial.

Rothering affirmed that no promises, threats, or inducements had been made to obtain his pleas. He also affirmed that he had fully discussed his case and defenses with his attorney, and that he was satisfied with his trial counsel's services.

The district court found beyond a reasonable doubt that Rothering understood the nature of the charges and possible penalties, and that his pleas were freely, voluntarily, knowingly, and

intelligently made. The court accepted his pleas and found him guilty as charged under the second amended information. The court then found, by a preponderance of the evidence, that Rothering had two prior driving under the influence (DUI) convictions, one in 2017 and another in 2023. Based on these prior convictions, the court enhanced his DUI offense to a third offense.

According to a journal entry and order, prior to the sentencing hearing on October 21, 2024, the district court and counsel conferred regarding Rothering's DUI conviction. Although the second amended information had been filed and pled as a Class IIIA felony, it did not allege any aggravating circumstances sufficient to support a felony classification. The record, however, supported a finding of a third offense. Accordingly, the parties agreed, and the court determined, that the charge should proceed as a Class W misdemeanor. The court formally advised Rothering of this determination and vacated the felony enhancement.

The district court subsequently sentenced Rothering to an aggregate of 8 to 14 years' imprisonment. On the charge of assault on an officer in the second degree, Rothering was sentenced to 8 to 14 years' imprisonment, with credit for 198 days served. For driving under the influence of alcohol (third offense), he received a sentence of 180 to 181 days' imprisonment and a $1,000 fine. His operator's license was revoked for 15 years following his release. The court subjected his license revocation to a 45-day no-driving period, followed by a requirement to install an ignition interlock device for the remainder of the revocation period. On the charges of operating a motor vehicle to avoid arrest and felony criminal mischief, he was sentenced to 1 to 2 years' imprisonment on each count. His license was also revoked for 2 years following his release on these offenses. All sentences were ordered to run concurrently.

Rothering appeals.

## ASSIGNMENTS OF ERROR

Rothering assigns that his trial counsel was ineffective by (1) failing to interview necessary witnesses and (2) failing to adequately advise him of the plea agreement.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## ANALYSIS

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *Blaha, supra*. Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Rothering has different counsel on direct appeal than he did in the district court. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must

raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* A record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Lierman, supra*. Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *Blaha, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *Id.*

FAILURE TO INTERVIEW WITNESSES

Rothering's first assigned error alleges that his trial counsel was ineffective "[for] failing to interview all witnesses who would have assisted in [his] defense." Brief for appellant at 6. In the argument section of his brief, he claims that "[a]s part of law enforcement's justification for stopping [Rothering], it was claimed he had been [in] a physical altercation at a bar and restaurant where [Rothering] had stopped to eat." Brief for appellant at 9. He then names "Dustin Wright, Ernie Whiting, Brant Pavel, and Jeremy Kester" as witnesses to his alleged physical altercation. *Id*. at 10. He contends that trial counsel "failed to contact any of the witnesses identified in the report to corroborate the information contained therein." *Id*. He provides no explanation as to what information needed to be corroborated or how it would have caused him to proceed to trial rather than enter his pleas.

The State argues that the record affirmatively refutes Rothering's claim. We agree. As pointed out by the State, the following exchange took place between the district court and Rothering at his plea hearing:

> THE COURT: Have you explained to your attorney all theories of defense that you might have or can think of?
> [Rothering]: Yes.
> THE COURT: Have you told your attorney everything you know about the case?
> [Rothering]: Yes.

- 4 -

THE COURT: Is there anything you have not told your attorney about the case that might help you in your defense?

[Rothering]: No.

THE COURT: Have you disclosed to your attorney all witnesses that you might think may be of any assistance in your defense?

[Rothering]: Yes.

THE COURT: And has your attorney talked to the witnesses you think he should have talked to?

[Rothering]: Yes.

THE COURT: Has your attorney investigated to your satisfaction the defenses which you think you might have?

[Rothering]: Yes.

THE COURT: Has your attorney failed to investigate anything about your case that you requested of him?

[Rothering]: No.

THE COURT: Is there anything else you asked your attorney to do regarding your case that he failed or refused to do?

[Rothering]: No.

THE COURT: Are you satisfied with the services of your attorney?

[Rothering]: Yes.

In the above colloquy, Rothering confirmed that he disclosed all witnesses he believed might assist in his defense and that trial counsel spoke with those witnesses. He further stated that trial counsel did not fail to investigate any matter he requested and did not refuse to do anything else he asked regarding the case. These representations demonstrate that, contrary to Rothering's assertions on appeal, his trial counsel conducted an investigation and fulfilled all specific requests made by Rothering. See *State v. Chairez*, 302 Neb. 731, 739, 924 N.W.2d 725, 731 (2019) (defendant explicitly stated during plea colloquy that he told his attorney everything he knew about his case, there was nothing he had not shared with his attorney, and there was nothing he asked his counsel to do that counsel failed or refused to do; defendant's "clear and unchallenged admissions in the record" show "counsel's performance was not deficient as a matter of law").

Further, even if trial counsel was somehow deficient for not interviewing the named witnesses, Rothering would not be able to establish prejudice. Rothering claims that by not interviewing these witnesses, "trial counsel was unable to corroborate a portion of law enforcement's justification for the initial stop" and a motion to suppress evidence could have been pursued "if there was no reasonable suspicion for the stop itself." Brief for appellant at 10. However, law enforcement had a legitimate basis to conduct a traffic stop without regard to what may have happened in the bar. When Rothering left the bar on the evening of April 6, 2024, he drove his vehicle without its headlights. The record shows that law enforcement observed that Rothering's vehicle headlights were not on when Rothering drove away from the bar and a law enforcement investigator yelled and waved at him to stop; this would have occurred sometime just before 9:30 p.m., which is when the pursuit by law enforcement began. Therefore, regardless of the witnesses' observations about what took place in the bar, law enforcement had a legitimate

basis for conducting a traffic stop when Rothering drove away from the bar that evening without his vehicle's headlights activated. Accordingly, Rothering cannot establish prejudice and this ineffective assistance of trial counsel claim fails.

FAILURE TO ADEQUATELY ADVISE OF PLEA AGREEMENT

Rothering claims that his trial counsel was ineffective by failing to adequately advise him of the plea agreement. He argues that he "was not advised of the nature of the plea deal he had been offered until minutes before the hearing to enter the pleas." Brief for appellant at 10. He claims that he was not "afforded adequate opportunity to review this information or to discuss the terms of the plea deal and the possible consequences of it before entering his pleas." *Id*.

The State argues again that the record affirmatively refutes Rothering's claim. It points out that when asked at the plea hearing whether he "had enough time to confer with [his] attorney prior to the hearing," Rothering responded, "Yes, sir." And later, after the district court went over the rights Rothering would be waiving, Rothering was asked by the court if the plea bargain announced earlier was his understanding of what he "agreed to do in this case." Rothering responded, "Yes." The following colloquy further demonstrated Rothering's readiness to enter his pleas.

> THE COURT: Do you understand the statutes you're accused of violating?
> [Rothering]: Yes.
> THE COURT: Do you understand the possible penalties for the violation?
> [Rothering]: Yes.
> THE COURT: Do you understand the pleas that are available to you?
> [Rothering]: Yes.
> THE COURT: And do you understand the resulting effect of those available pleas?
> [Rothering]: Yes.
> THE COURT: And are you ready to enter your pleas at this time?
> [Rothering]: Yes.

Rothering's statements during the plea colloquy set forth here and earlier in the opinion make it clear that he had sufficient time to confer with counsel, that he understood the nature of the plea agreement, and that he was satisfied with his counsel. At no point did he express confusion or indicate a lack of understanding. The record establishes that he was properly advised of the plea agreement.

Additionally, as the State points out, Rothering was facing 14 criminal charges. The plea agreement reduced his exposure from 14 to 4 charges, which "substantially reduced Rothering's convictions and potential penalties." Brief for appellee at 12. "[N]o rational defendant would have insisted on going to trial simply because, allegedly, the terms of the plea agreement were not explained to him in a timely manner prior to the plea hearing." *Id*.

We agree with the State. Even if Rothering's trial counsel was somehow deficient for the timing of the plea agreement, Rothering would not be able to establish any prejudice. The likelihood of Rothering's success had he insisted on going to trial is relevant to the prejudice analysis. See *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019) (likelihood of defendant's success is relevant to consideration of whether rational defendant would have insisted on going to trial). The likelihood of the defense's success had the defendant gone to trial should be considered

along with other factors, such as the likely penalties the defendant would have faced if convicted at trial, the relative benefit of the plea bargain, and the strength of the State's case. *Id*. When considering the likely penalties from 14 possible convictions, the benefit of the plea bargain, and the strength of the State's case, no rational defendant would have insisted on going to trial under these circumstances.

Accordingly, this claim of ineffective assistance of trial counsel also fails.

## CONCLUSION

For the foregoing reasons, we affirm Rothering's convictions and find the record sufficient to conclude that his claims of ineffective assistance of trial counsel fail.

AFFIRMED.